| |
|---|
| **Ambase Corp. v 111 W. 57th Sponsor LLC** |
| 2025 NY Slip Op 31794(U) |
| May 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 652301/2016 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------------X

AMBASE CORPORATION, 111 WEST 57TH MANAGER
FUNDING LLC,111 WEST 57TH INVESTMENT LLC, ON
BEHALF OF ITSELF AND DERIVATIVELY ON BEHALF
OF 111 WEST 57TH PARTNERS LLC,111 WEST 57TH
MEZZ 1 LLC,

|  |  |  |
|---|---|---|
| **INDEX NO.** | 652301/2016 | |
| **MOTION DATE** | 02/28/2025 | |
| **MOTION SEQ. NO.** | 034 | |

Plaintiffs,

- v -

**DECISION + ORDER ON MOTION**

111 WEST 57TH SPONSOR LLC,111 WEST 57TH
CONTROL LLC,111 WEST 57TH DEVELOPER
LLC,KEVIN MALONEY, MATTHEW PHILLIPS, MICHAEL
STERN, NED WHITE, 111 CONSTRUCTION MANAGER
LLC,PROPERTY MARKETS GROUP, INC.,JDS
DEVELOPMENT LLC,JDS CONSTRUCTION GROUP,
LLC,PMG CONSTRUCTION GROUP LLC,MANAGER
MEMBER 111W57 LLC,LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL FIRE INSURANCE
COMPANY, 111 WEST 57TH PARTNERS LLC (AS A
NOMINAL DEFENDANT), 111 WEST 57TH MEZZ 1 LLC,

Defendants.

------------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 034) 1140, 1141, 1142,
1143, 1144, 1145, 1146, 1148, 1149, 1167, 1176, 1180, 1202, 1203, 1205, 1206, 1207, 1208, 1209,
1211, 1246, 1247

were read on this motion to                 SEAL                                  .

        Non-parties American General Life Insurance Co. ("AGLIC"), Variable Annuity Life

Insurance Co. ("VALIC"), The United States Life Insurance Co. in the City of New York

("USLIC), Corebridge Institutional Investments (U.S.), LLC (formerly known as AIG Asset

Management (U.S.), LLC) ("Corebridge," and together with AGLIC, VALIC, and USLIC, the

"Requesting Parties")[1] move for an order sealing and/or redacting a certain document produced

---

[1] While the Motion to Seal was filed on behalf of American International Group ("AIG"), the
parties filed a stipulation which agreed that the motion should have been brought in the name of

---

**652301/2016   AMBASE CORPORATION vs. 111 WEST 57TH SPONSOR LLC**
  **Motion No.  034**

**Page 1 of 4**

by AIG (NYSCEF 974 ["Ex. CC"]) that was filed by Defendants as an Exhibit to their motion for Summary Judgment. No parties have opposed this motion. For the following reasons, the Requesting Parties' motion is granted.

Pursuant to § 216.1 (a) of the Uniform Rules for Trial Courts, this Court may seal a filing "upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties" (22 NYCRR § 216.1 [a]). The Appellate Division has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010]). "Since the right [of public access to court proceedings] is of constitutional dimension, any order denying access must be narrowly tailored to serve compelling objectives, such as a need for secrecy that outweighs the public's right to access" (*Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 6 [1st Dept 2000] [emphasis added]; *see also, e.g. Gryphon Dom. VI, LLC v APP Intern. Fin. Co., B.V.*, 28 AD3d 322, 324 [1st Dept 2006]). "Furthermore, because confidentiality is the exception and not the rule, 'the party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access'" (*Maxim, Inc. v Feifer*, 145 AD3d 516, 517 [1st Dept 2016] [citations omitted])

Here, the Court has reviewed NYSCEF 974 and finds that sealing comports with the applicable sealing standards as laid out in *Mosallem*, 76 AD3d at 348-50, and its progeny, in that it contains sensitive commercial information relating to the Requesting Parties' internal business strategies, market analyses, and investment evaluations, the disclosure of which could provide an

---

the Requesting Parties, i.e., corporate entities who were subject to certain disclosure obligations in the Action (*see* NYSCEF 1203; 1246).

advantage to the Requesting Parties' competitors (*Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499, 502 [2d Dept 2007] ["disclosure could impinge on the privacy rights of third parties who clearly are not litigants herein"]).

The Requesting Parties did not provide any basis for sealing the papers filed in support of this motion (NYSCEF 1141, 1142, 1143, 1205, 1206, 1207) or include these documents in their sealing chart. Therefore, the Court concludes that the Requesting Parties are not moving to seal these documents, and the Clerk shall be directed to unseal them.

Accordingly, it is:

**ORDERED** that the Requesting Parties' Motion is **GRANTED**; it is further

**ORDERED** that the County Clerk shall maintain NYSCEF Document Number(s) 974 and 1145 under seal, so that the documents may only be accessible by the parties, their counsel, and authorized court personnel; it is further

**ORDERED** that the Clerk shall unseal NYSCEF 1141, 1142, 1143, 1205, 1206, 1207; it is further

**ORDERED** that the Requesting Parties shall serve a copy of this order upon the Clerk's Office within five (5) days of the date of this Order, and such service shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); it is further

**ORDERED** as it related to future submissions, made by any party, that contain subject matter that the Court has authorized to be sealed by this Order, parties may file a joint stipulation, to be So Ordered, which will authorize the filing of such future submissions to be

**652301/2016  AMBASE CORPORATION vs. 111 WEST 57TH SPONSOR LLC**
**Motion No.  034**

Page 3 of 4

[* 3]

filed in redacted form on NYSCEF, provided that an <u>unredacted</u> copy of any redacted document

is contemporaneously filed under seal; and it is further

      **ORDERED** that nothing in this Order shall be construed as authorizing the sealing or

redactions of any documents or evidence to be offered at trial.

20250515122231MC0HENE5QAFEF3FE0F48C3922F127CFA348393

_____
**5/15/2025**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

[* 4]